## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Keith Mello</u>

    v.                                       Civil No. 12-cv-207-JL

<u>Joseph Murray</u>

### REPORT AND RECOMMENDATION

    Before the court for preliminary review is a complaint (doc. no. 1), filed by pro se plaintiff, Keith Mello, an inmate in the New Hampshire State Prison in Concord, New Hampshire. Mello asserts that defendant, Joseph Murray, is liable for the tort of alienation of affections for pursuing an affair with Mello's wife during Mello's incarceration.

    Federal courts are courts of limited jurisdiction. <u>Picciotto v. Cont'l Cas. Co.</u>, 512 F.3d 9, 17 (1st Cir. 2008). The presumption is that a federal court lacks subject matter jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). If the court lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

    A federal court may have subject matter jurisdiction where the action involves a state law tort claim seeking more than

$75,000, filed by a person who lives in one state against a citizen of a different state.  See 28 U.S.C. § 1332(a)(1). There is a rebuttable presumption that a prisoner is a resident of the state where he lived and intended to stay before his incarceration, even if he is currently incarcerated elsewhere. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (relevant factors to be considered by court in determining whether prisoner has rebutted presumption of citizenship include prisoner's declaration of intentions regarding his new place of residence, possibility of parole to new place of residence, his ordering of affairs, and any other factors that may corroborate claimed state of residence).

   Mello is currently incarcerated in New Hampshire, but he has asserted that his "home" is in Rhode Island.  Mello has not asserted any facts indicating that he will remain in New Hampshire after his release from prison.  Rhode Island is also where Murray currently lives, having taken up residence with Mello's wife, in Mello's home, in Mello's absence.  Mello has thus pleaded facts indicating that this case involves a dispute arising under state law between two citizens of Rhode Island, which leaves this court without jurisdiction over the matter.

Conclusion

This court should dismiss the complaint for lack of subject matter jurisdiction.  The dismissal should be without prejudice to Mello's refiling this action in a state court with subject matter jurisdiction over the claim at issue.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

Date: July 17, 2012

cc: Keith Mello, pro se

LM:nmd